UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| SOUTH DAKOTA BOARD OF REGENTS on behalf of BLACK HILLS STATE UNIVERSITY, | ) ) ) ) | CIV._____ |
| Plaintiff, | ) ) | |
| v. | ) ) | ANSWER, COUNTER-CLAIM AND DEMAND FOR JURY TRIAL |
| GLOBAL SYNTHETICS ENVIRONMENTAL, LLC, D/B/A GEO-SURFACES, | ) ) ) ) | |
| Defendant. | ) ) | |

The above-captioned defendant answers the Plaintiff's Complaint as follows.  The paragraph numbers in this Answer correspond to the paragraph numbers in the Complaint.  All averments in the Complaint are denied except those which are admitted or otherwise qualified below.

1.      Admit.

2.      Admit.

3.      Admit.

4.      Admit that Plaintiff and Defendant entered into a contractual agreement on or about May 30, 2013.  The parties' respective obligations as defined by that contractual agreement are contained in that agreement and that agreement speaks for itself.

5.      Admit.

6.      Defendant denies the Complaint's characterizations of any representations or contractual obligations other than those contained in the contract documents.

1

7.      Defendant denies the Complaint's characterizations of any representations or contractual obligations other than those contained in the contract documents.

8.      Admit.

9.      Defendant realleges and incorporates by reference the answers in ¶¶ 1-8 above.

10.     Deny.

11.     Defendant admits that ¶11 of the Complaint accurately quotes language contained in the contract documents.

12.     Lack of specificity contained in the averment in ¶12 makes it impossible for Defendant to either admit or deny the averment.  To the extent ¶12 requires an answer, the averment is denied.

13.     Deny at this time; however, Defendant reserves the right to assert any third-party claims as may be appropriate.

14.     Defendant admits that the parties entered into an accord agreement on or about May 12, 2014.  The terms of the agreement which specified the parties' respective contractual obligations are set forth in that agreement and the agreement speaks for itself.

15.     Deny.

16.     Deny.

17.     Defendant denies Plaintiff's characterization of Defendant's contractual obligations set forth in the parties' agreement entered into on or about May 12, 2014.  Any such obligations are those which are set forth in the contractual document and the contract speaks for itself.

18.     Admit to the extent any "means and methods" referred to in this averment were within Defendant's control, authority, power or capacity.

19.     Defendant admits that, pursuant to Plaintiff's request, Defendant performed work at the project site.  Defendant denies Plaintiff's characterization of the work performed or the physical characteristics of the project site.

20.     Deny.

21.     Deny.

22.     Deny.

23.     Deny.

24.     Deny.

25.     Deny.

26.     Deny.

27.     Defendant incorporates all of the preceding answers herein by this reference.

28.     Deny.

29.     Defendant incorporates all of the preceding answers herein by this reference.

30.     Deny.

31.     Deny.

32.     Deny.

33.     Defendant incorporates all of the preceding answers herein by this reference.

34.     Deny.

35.     Deny.

AFFIRMATIVE DEFENSES

3

36.     The claims set forth in the Complaint are barred by operation of accord and satisfaction.  The purpose for the Agreement referred to in the Complaint ¶¶14-17 was to resolve any and all outstanding claims, disputes or other issues of any kind relating to the product, construction, installation or any other matter arising out of the transaction which was the subject of the contract documents.  Defendant's performance of its obligations under the accord agreement entered into between the parties in May 2014 operated to extinguish and superceded any remaining claims or obligations.  Therefore, any claims which may have existed prior to the agreement formed in May 2014 no longer exist and may not form the basis for a lawsuit against the Defendant.

37.     Any claims set forth in the Complaint based upon any type of warranty are barred due to the fact that any warranty provided by the contract documents or any amendments to those contract documents or any subsequent agreements between the parties were voided by Plaintiff's abuse of the playing field by use of inappropriate equipment, machinery or by making repairs or alterations to the playing field through the use of personnel unauthorized by Defendant or not properly certified by Defendant to perform such alterations or repairs.

38.     Any warranty claims contained in the Complaint are barred as untimely because any applicable warranty period had either expired due to the passage of time or the warranty became void prior to the claims stated in Plaintiff's Complaint by operation of Plaintiff's wrongful conduct.

39.     Defendant is under no obligation to perform any further services or provide any other type of labor or product due to Plaintiff's failure to pay Defendant for products, labor and services previously provided.

40.     Any claims outside warranty claims are barred due to the operation of the exclusive warranty provisions set forth in the contract documents and the subsequent agreement entered into the parties in May 2014.  Plaintiff's sole and exclusive remedy is any remedy which may be available pursuant to the terms of the exclusive warranty, to the extent any such warranty has not been otherwise rendered void due to Plaintiff's wrongful conduct or because Defendant is under no obligation to perform any warranty work due to the passage of time, Plaintiff's failure to pay Defendant for products and services previously provided.

41.     Claims for warranty work set forth in the Complaint are barred due to Plaintiff's failure to request warranty work in accordance with the prescribed terms set forth in the contract documents and any related or subsequent agreements between the parties.

42.     To the extent Defendant owes any obligation to the Plaintiff arising out of the contract documents or the accord agreement entered into between the parties in May 2014, any such obligations must be prorated between the Plaintiff and the Defendant as set forth in the contract documents and in the accord agreement.

## COUNTER-CLAIM

43.     Defendant has provided materials, labor and services to the Plaintiff in accordance with the contract documents and in accordance with the accord agreement entered into between the parties in May 2014.

44.     Despite promising to do so, Plaintiff has failed to compensate Defendant as agreed for the materials, labor and services provided pursuant to those agreements.

45.     Due to Plaintiff's failure to compensate Defendant as agreed, Plaintiff is obligated to pay Defendant for any outstanding balance owed together with interest on that balance commencing from after the date any such balance is owed.

WHEREFORE, Defendant respectfully requests the Court to award the following relief:

A.      To grant judgment in Defendant's favor with respect to all claims set forth in Plaintiff's Complaint on the merits and with prejudice;

B.      To award judgment in Defendant's favor with respect to its counter-claim seeking compensation for materials, labor and services to Plaintiff for which Defendant has not yet been paid, together with interest on any outstanding balance from the date such balance was due and owing;

C.      To award Defendant's costs as allowed by law; and

D.      Award any other appropriate relief.

DEFENDANT HEREBY DEMANDS A JURY TRIAL.

Dated this 26th day of January, 2015.

GUNDERSON, PALMER, NELSON
 & ASHMORE, LLP


By___/s/ Donald P. Knudsen_____
        Donald P. Knudsen
        506 Sixth Street
        P.O. Box 8045
        Rapid City, SD  57709-8045
        (605) 342-1078
        dknudsen@gpnalaw.com